**Affidavit in Support of Complaint**

I, Gabriel Santiago, being duly sworn, depose and state:

**Introduction**

1. I am a Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), San Juan, Puerto Rico and have been so employed since 2020. I am an investigative or law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. As a Special Agent, my responsibilities include conducting investigations of the alleged manufacture, distribution and possession of controlled substances, importation of controlled substances, smuggling of goods into the United States, firearm's violations, and other related offenses.

2. I have attended the Homeland Security Investigations Special Agent Training (HSISAT) at the Federal Law Enforcement Training Center in Glynco, Georgia. I was trained in conducting investigations related to firearms violations and narcotics smuggling, which includes interdiction and distribution activities where investigations commonly conducted are related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code (USC).

3. Because this affidavit is submitted for the limited purpose of establishing probable cause justifying the issuance of an arrest warrant, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or through discussions with other law enforcement officers who have interviewed individuals or personally have obtained

information, which they in turn have reported to me.

4. The facts and information contained in this affidavit are based on my personal knowledge, as well as upon information received in my official capacity from other individuals, including other federal, state, and local law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint charging Luis ESCALERA-Santiago with violating of 21 U.S.C. § 841(a)(1) (possession with intent to distribute a mixture or substance containing a detectable amount of cocaine)

## Facts in Support of Probable Cause

5. On July 29, 2025, at approximately 3:00pm, Homeland Security Investigations (HSI), Airport Investigations and Tactical Team (AirTAT) agents started conducting Domestic Flight Enforcement Operations at Luis Munoz Marin International Airport. At this time, HSI Task Force Officers ("TFOs") were conducting baggage inspections at the Jet Blue luggage loading ramp. 5 suitcases were inspected by TFOs, a Puerto Rico Police Department K-9, "Juici" conducted free air sniffs of these suitcases. One alerted positive for the presence of narcotics. This suitcase was black in color and had an identification tag displaying "ESCALERA-S/ L, BOS, B6 462". TFO's proceeded to JetBlue Terminal A, towards flight B6 462, which was located at gate A3. This flight was a Boston Logan International Airport bound flight (B6 462). At approximately 3:30pm, TFOs proceeded to conduct a consensual encounter on an individual wearing a 'Gap" sweatshirt and black pants, this individual identified himself as Luis ESCALERA-Santiago. Airport Security Footage revealed that this was the same individual that dropped off this suitcase at the Jet Blue counter.  TFOs asked ESCALERA-Santiago if he could open his suitcase and

ESCALERA-Santiago verbally consented and opened his suitcase. Rectangular-shaped packages wrapped in carbon paper were observed inside the black suitcase. TFOs proceeded to detain ESCALERA-Santiago and escorted him to the HSI office for further investigation, inspection, and interview.

6. ESCALERA-Santiago signed HSI Consent Search forms for his cellular phone and his belongings, for which he also gave verbal consent.

7. Puerto Rico Police Department K-9, "Juici" conducted a free air sniff of this luggage, and once again alerted positive to the presence of narcotics. A field test of the rectangular shaped packages was conducted, and it came back positive to detectable amounts of cocaine.

8. At approximately 5:45 pm, HSI Agents advised ESCALERA-Santiago of his Miranda rights, which he waived in writing. ESCALERA-Santiago stated "eso es mio" ("that is mine") "8 bloques de lo blanco" ("8 blocks of the white stuff"), when asked about what was found in the suitcase. ESCALERA- Santiago stated that he found the 8 "blocks" in a forest, 5 days ago, and that his plan was to "Josiar" or "hustle" the "blocks" once he arrived in Boston.

9. The interview with ESCALERA-Santiago culminated at approximately 6:15pm. ESCALERA-Santiago was processed at the AIRTAT holding area.

REST OF PAGE INTENTIONALLY LEFT BLANK

## CONCLUSION

10. Based on the foregoing facts and circumstances, your affiant submits that probable cause exists to believe that Luis ESCALERA-Santiago with violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute a mixture or substance containing a detectable amount of cocaine)

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Gabriel Santiago
Special Agent
Homeland Security Investigations

Sworn by phone in accordance with the requirements of FRCP 4.1 this twenty-ninth day of July, 2025 in San Juan, Puerto Rico; at 9:16 PM.

_____
Hon. Marcos E López
United States Magistrate Judge
District of Puerto Rico